(No. 4706– )

Francis E. O'Keefe, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 28, 1956.*

Melvin A. Garretson, Attorney for Claimant.

Latham Castle, Attorney General; Bernard Genis, Assistant Attorney General, for Respondent.

Fearer, J.

Claimant, Francis E. O'Keefe, filed his complaint in this Court on January 24, 1956 for property damage to his 1951 Tudor Studebaker sedan. The accident occurred in the forenoon of August 30, 1954 on the United States Government Reservation, Hines, Illinois, where National Guard motor equipment, owned by respondent, was kept.

From the evidence, it appears that claimant's automobile was damaged while parked in an area reserved for equipment used by the Illinois National Guard; that there were signs of "no parking at any time", and that said signs were in existence on the date of the accident.

Two blocks from where the accident occurred was a civilian parking lot, which was familiar to claimant.

Claimant was employed as a technician for Armour Research Foundation, and on the day in question had driven and parked his car near the "concentration of equipment site" for the purpose of getting a tank to be used in experimental purposes.

Respondent's agent, Charles H. Cole, at the time of the trial had been discharged from the National Guard. He had driven a ¾ ton truck to the field mainte-

nance shop at Hines. Other trucks and equipment had preceded him there, and were parked about the area when he drove into one of the buildings. The accident occurred when he backed out onto the concrete slab, making a turn to turn the truck around. At the time he drove into the building he did not notice claimant's vehicle, but did observe that there were other vehicles parked in and around the area. In backing said truck out, he struck claimant's vehicle on the right rear fender damaging it, as well as the trunk. The amount of damages, as represented by a paid repair bill, was the sum of $131.91.

Only two witnesses testified at the trial, claimant and respondent's agent, who was operating the ¾ ton truck. Respondent offered its Departmental Report and several photographs, which showed the location of the buildings, and the location of claimant's vehicle at the time it was struck by respondent's vehicle in backing out of one of the maintenance buildings.

Respondent not having filed an answer, a general traverse or denial of the facts set forth in the complaint shall be considered as filed under Rule 11 of this Court.

It is apparent from the evidence that claimant's interest is only to the extent of his $50.00 deductible, as the balance of the claim was assigned to State Farm Insurance Company, Bloomington, Illinois. This being the case, State Farm Insurance Company should also be a claimant, as the rightful owner of the claim in excess of the $50.00 deductible.

Neither claimant nor respondent elected to file briefs and arguments, supported by authorities.

There is very little dispute as to the occurrence in question.

After having considered all of the evidence, including the Departmental Report and the exhibits offered, as well as the finding of the Commissioner, who tried the facts in this case, we are of the opinion that claimant has not established his case by a preponderance of the evidence by first proving that he was free from contributory negligence, and that it was the negligence of respondent's agent, which was the proximate cause of the damage to claimant's vehicle. It appears to us that claimant was cognizant of the vast number of vehicles traveling about the area where he elected to park his car; that the zone had been restricted by no parking signs; and, that it was his negligence, which contributed to the damage to his property.

We also find that respondent's agent was also negligent in the manner in which he backed the truck out of the building preparatory to making a turn. We are denying the claim, however, because of claimant's contributory negligence.

Claimant's claim is, therefore, hereby denied.